## Stecker v. First Federal Savings & Loan Assn. of Hazleton

*Edmund J. McCullough,* for plaintiff.

*Thomas L. Kennedy,* for defendant Loan Association.

*James A. Schneider,* for additional defendant.

HOURIGAN, *P.J.,* April 14, 1986—This matter is before the court on a motion for summary judgment filed by defendant First Federal Savings and Loan Association.

The facts as disclosed by the pleadings and request for admissions are as follows:

Defendant issued a savings certificate in the name of Mr. George M. Brehm or Mrs. Margaret M. Stecker and the signature card was executed by George M. Brehm and Margaret Stecker.

On February 25, 1981, George M. Brehm executed a completed standard printed power-of-attorney form appointing William F. Schweitzer his attorney.

On June 23, 1981, William F. Schweitzer presented a copy of the power of attorney to First Federal and executed a withdrawal request which he signed William F. Schweitzer P/A.

At that time, First Federal marked the account closed and issued its check payable to George Brehm or Margaret Stecker for the proceeds of the account which was given to Schweitzer who deposited it in the account of George Brehm at Hazleton National Bank.

Plaintiff does not challenge the validity of the power of attorney but alleges that William Schweitzer improperly executed the withdrawal slip by

signing his own name rather than that of his principal. Schweitzer did disclose his authority and representation when he put P/A after his name.

A power of attorney creates a special kind of agent and the principals of agency law apply. 2A C.J.S. §150.

"While the usual and appropriate mode of signing an instrument by an agent is to sign his principal's name and then sign his own name as agent, no particular form is in fact necessary if it appears that the signature is that of the agent acting as agent; and, if the instrument is in the name of the principal or purports on its face to be intended to be the contract of the principal and the mode of execution is not repugnant to that purpose, it will be construed to be the act of the principal. Moreover, in accordance with the rules discussed supra, §249, the principal may be bound where the signature is in his name alone, not followed by that of the agent, or in his name followed by that of the agent with a description of the agent's relation to the principal, or in the name of the agent alone, or in the name of the agent alone, his name being followed by words indicating that he acts for the principal named." 2A C.J.S. §250, at 956.

We find that the signature of the agent was in accord with the power of attorney and is not defective under these circumstances.

Accordingly, we enter the following

## ORDER

Defendant's, First Federal Savings and Loan Association of Hazleton, motion for summary judgment is granted and the action against First Federal Savings and Loan Association of Hazleton is dismissed.